NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES; NATIVE ECOSYSTEMS COUNCIL, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> LEANNE MARTEN, Regional Forester of Region One of the U.S. Forest Service; UNITED STATES FOREST SERVICE; UNITED STATES FISH AND WILDLIFE SERVICE, <br><br> Defendants-Appellees. | No. 18-35653 <br><br> D.C. No. 9:17-cv-00047-DLC-JCL <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Argued and Submitted July 10, 2019
Seattle, Washington

Before: BERZON and WATFORD, Circuit Judges, and ROTHSTEIN,** District Judge.

Plaintiffs-appellants (collectively, "Alliance") appeal the district court's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Barbara Jacobs Rothstein, United States District Judge for the Western District of Washington, sitting by designation.

grant of summary judgment to the government, rejecting Alliance's challenges to the U.S. Forest Service's Telegraph Vegetation Project (the "project"). For the reasons below, we affirm in part and grant the government's motion for a voluntary remand without vacatur.

1.      Endangered Species Act Claim

Alliance argues that the U.S. Fish and Wildlife Service's biological opinion failed to engage in a "detailed discussion of the effects of the action" on grizzly bears, which are listed as threatened under the Endangered Species Act ("ESA"). 50 C.F.R. § 402.14(h)(2). We conclude that the biological opinion was adequate, given that it was tiered to two previous programmatic opinions, each of which analyzed the effects of road construction and road use on grizzly bears, and given that it referred to the more detailed analysis of effects in the Forest Service's biological assessment. *See Gifford Pinchot Task Force v. U.S. Fish & Wildlife Serv.*, 378 F.3d 1059, 1067-68 (9th Cir.), *amended*, 387 F.3d 968 (9th Cir. 2004) (permitting tiering of biological opinions).[1]

---

[1] Alliance contends that our review is "limited to 'what the agency *actually said* in the BiOp.'" (Quoting *Pac. Coast Fed'n of Fishermen's Associations v. U.S. Bureau of Reclamation*, 426 F.3d 1082, 1091 (9th Cir. 2005)). What *Pacific Coast* held, however, was that we will not rely on an agency's "unstated assumptions." 426 F.3d at 1091. Here, the biological opinion referred expressly to the analysis in the two prior opinions and in the biological assessment, and those documents spelled out their analyses expressly rather than implicitly. As a result, "the agency's path may reasonably be discerned" from the record. *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

Regarding roads, the biological opinion reviewed the proposed road use and construction associated with the project and concluded that the project would not cause adverse effects on grizzly bears beyond those analyzed in the programmatic opinions, and that the project was in compliance with the incidental take statements for those opinions.

In addition to road-related effects, the biological assessment identified three potential short-term negative impacts on grizzly bears: short-term reductions in forested cover, increased risk of bear-human interaction, and temporary displacement of grizzly bears resulting from the use of helicopters to ignite prescribed burns. The biological opinion's discussion of these effects and its conclusion that they "would be insignificant and/or discountable" is consistent with the biological assessment. The biological assessment explained that "available forage would increase in the openings associated with harvest" and that "[w]hile grizzly bears make extensive use of forest cover, they generally prefer to operate in a landscape with a variety of habitat formations," which the project "would essentially create." All workers would be required to store food properly to reduce the risk of bear-human interactions. As for the disturbance caused by helicopters, the biological assessment explained that "displacement habitat" would be available nearby and that "[d]uration is short and effects are relaxed almost immediately." In

light of the analysis in the biological assessment, to which the biological opinion referred, the biological opinion's discussion of effects was adequate.

The district court's grant of summary judgment to the government on Alliance's ESA claim is affirmed.

2.      National Forest Management Act Claim

We grant the government's motion for a voluntary remand without vacatur to allow the Forest Service to reconsider the scope of the project-area wildland-urban interface. *See California Communities Against Toxics v. U.S. EPA*, 688 F.3d 989, 992 (9th Cir. 2012). We therefore do not reach the merits of Alliance's claim under the National Forest Management Act. *See id.*

The Forest Service has acknowledged that it erred in calculating the wildland-urban interface for the project area. The Forest Service estimates that, once it has corrected its error, 50 acres of forest that it had planned to treat may no longer be eligible for treatment. If that estimate proves correct, the Forest Service represents that it will not treat those 50 acres. We grant the government's request for a voluntary remand to allow the Forest Service to undertake the necessary reevaluation.

Additionally, we conclude that equity counsels in favor of remanding without vacatur. The Forest Service estimates that its reevaluation will take 60 days, and it anticipates that less than 1% of the project will change. Delaying the

4

project in the interim could have negative consequences for the environment and public safety, as the project was designed to improve forest health and create safer firefighting conditions. *See Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1406 (9th Cir. 1995). We therefore leave the record of decision in place while the Forest Service completes its reevaluation.[2]

**AFFIRMED in part and REMANDED without VACATUR.**

---

[2] We deny as moot Alliance's motion for an injunction pending appeal. We deny as untimely the motion of Sun Mountain Lumber, Inc., to appear as amicus curiae.